UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-62828-CIV-SINGHAL

CARLOS LUIS GALUE-MENDOZA,

Petitioner,

v.

FACILITY ADMINISTRATOR,
Broward Transitional Center, *et al.*,

Respondents.
_________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Petitioner's Petition for Writ of Habeas Corpus (the "**Petition**"). (DE [1]). Although the Court commends counsel for the Petition's candor and clarity, it must **DISMISS** the Petition (DE [1]) for want of jurisdiction.

In an unelaborated order signed October 1, 2026, an immigration judge determined Petitioner was a flight risk and denied him bond. *See* (DE [1-1] at 53). Petitioner submits that during the bond hearing the immigration judge misread a Board of Immigration Appeals decision as categorically precluding Petitioner's ability to obtain asylum relief due to the regime change in his home country, Venezuela. *See* (DE [1] ¶¶ 25–27). And because the ability to obtain asylum relief bears on flight risk, Petitioner argues that error also infected the immigration judge's ultimate flight risk determination. *See id.* He seeks an order directing his immediate release or, alternatively, a bond hearing without the alleged error.

Section 1226(e) unambiguously deprives courts of jurisdiction to grant the relief Petitioner seeks. *See* 8 U.S.C. § 1226(e). That provision's two sentences read: "The

Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." *Id.* The first sentence bars review of the Attorney General's "discretionary judgments" while the second sentence eliminates authority to "set aside" the Attorney General's "decisions" denying bond. *See Demore v. Kim*, 538 U.S. 510, 517 (2003).

This is a second sentence case. Petitioner does not seek review of the immigration judge's exercise of discretion but instead argues that the immigration judge misread and misapplied caselaw bearing on his bond determination. *See* (DE [1] ¶¶ 25–27. This Court has recognized that section 1226(e)'s second sentence does not deprive courts of habeas jurisdiction to review important, threshold legal questions when a reviewing forum is—at least for practical purposes—unavailable. *Morales v. Noem*, 818 F. Supp. 3d 1346, 1352–53 (S.D. Fla. 2026) (citing *I.N.S. v. St. Cyr*, 533 U.S. 289 (2001)). But that is not the case here. Indeed, Petitioner does not seek an order construing section 1226 or any other statute but instead a judgment setting aside his bond denial as predicated on misapplication of caselaw. All the while, a reviewing forum—the Board of Immigration Appeals—is available to review that determination. *See* (DE [1] ¶ 22) (acknowledging that "the [BIA] could correct the underlying legal error"); *see also* 8 C.F.R. § 1003.19(f) ("An appeal from the [custody status or bond] determination by an Immigration Judge may be taken to the Board of Immigration Appeals pursuant to § 1003.38."); 8 C.F.R. § 1003.38(a).

Petitioner attempts to avoid section 1226(e), arguing *Jennings v. Rodriguez* recognized section 1226(e)'s inapplicability in cases challenging "the legal framework authorizing detention." (DE [1] ¶ 2 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 295–96 (2018)). The *Jennings* opinion,[1] however, recognized only that "[section] 1226(e) does not preclude 'challenges to the statutory framework that permits the alien's detention without bail.'" *Jennings*, 583 U.S. at 295 (quoting *Demore*, 538 U.S. at 517) (cleaned up). Accordingly, section 1226(e) did not strip jurisdiction to review the *Jennings* petitioner's statutory and constitutional challenges to prolonged no-bond detention under sections 1225 and 1226. *See id.* at 291, 295–96. But as is noted above, Petitioner challenges no statute—much less a statutory framework. Instead, he challenges only the immigration judge's misapplication of a single case. If section 1226(e)'s jurisdictional bar could be overcome by the alleged misapplication of caselaw, it would be little more than a paper tiger. Accordingly, the Court discerns no exception to 1226(e)'s jurisdictional bar. For that reason, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Petition (DE [1]) is **DISMISSED** for lack of jurisdiction;
2. The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 19th day of October 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF

[1] The relevant portion of the opinion was authored by Justice Alito and joined only by Chief Justice Roberts and Justice Kennedy and did not garner even a plurality of the Court.